UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ANTHONY W. PROFIT**<br>**LA. DOC #579595**<br>**VS.** | **CIVIL ACTION NO. 3:11-cv-1324**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN, CALDWELL**<br>**CORRECTIONS CENTER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Anthony W. Profit filed the instant petition for writ of *habeas corpus* (28 U.S.C. §2254) on July 12, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Caldwell Correctional Center, Grayson, Louisiana. Petitioner attacks a simple burglary conviction and the 12 year sentence imposed in March 2011 by the Fourth Judicial District Court, Ouachita Parish in the matter assigned Docket Number 08-F-2222. This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies.

*Background*

On some unspecified date petitioner was convicted of simple burglary in a criminal case assigned Docket Number 08-F2222 of the Fourth Judicial District Court, Ouachita Parish; on March 10, 2011, he was sentenced to serve 12 years. [Doc. 4, ¶1-5] Petitioner did not appeal his conviction or sentence. [Id., ¶8] Nor did he seek post-conviction relief in the Louisiana courts. [Id., ¶10] He filed the instant petition for habeas corpus pursuant to 28 U.S.C. §2254 on July 12, 2011, alleging

the following grounds for relief (1) his conviction and imprisonment violate the prohibition against double jeopardy because "... the acquittal of petitioner of the greater offense in the matter of State of Louisiana vs. No. 08-F2222, bars the existence of petitioner's present custody and conviction for the lesser included offense ... bars prosecution of the other offense..."; (2) "Deprivation of right to 'proof beyond a reasonable doubt'... since "[t]he acquittal of petitioner of the greater offense ... 'proves existence of a reasonable doubt as petitioner's guilt' and thus bars the existence of petitioner's present custody and conviction..."; (3) "Deprivation of right to judgment of acquittal on the basis of evidentiary insufficiency..."; (4) "Deprivation of 14th Amendment right not to be deprived of liberty without due process of law... [b]ecause of the acquittal of the greater offense the conviction and custody ... for the lesser included offense ... violated petitioner's 14th Amendment right not to be deprived of liberty without due process of law..." (5) "Deprivation of right to automatic relief for 'structural defects'; and, (6) "Deprivation of right to a 'fair trial;'" [Id., ¶12]

Further, petitioner asserted, "None of the grounds have been presented by me to the highest state court, because the U.S. District Courts have original jurisdiction of deprivation under color of State law rights secured by the United States Constitution under 28 U.S.C. §1343." [Id, ¶13]

### *Law and Analysis*

Title 28 U.S.C. §2254 which provides the manner in which persons "in custody pursuant to the judgment of a State court" may seek relief in federal court if they are "in custody in violation of the Constitution or laws or treaties of the United States." Section 2254(b) and decades of federal jurisprudence require a petitioner seeking federal *habeas corpus* relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court

2

shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State..."); *See also Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998).

In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5 Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.1985); *Mercadel*, 179 F.3d at 275 citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk*, 144 F.3d at 360 citing *Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. LSA – Const. Art. 5, §5(a) ("The Supreme Court has general supervisory jurisdiction over all other courts...")

Thus, in order for a Louisiana prisoner to have exhausted his state remedies, he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and

legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

Petitioner raises six claims for relief in his federal *habeas* petition. He candidly admits that he did not exhaust available State court remedies and claims that he is exempt from the statutory and jurisprudential requirement because this Court may exercise original jurisdiction over his constitutional claims pursuant to 28 U.S.C. §1343. He is, of course, incorrect. The Civil Rights Act, Title 42 §1981 *et seq*., including 28 U.S.C. §1343, cannot be used by state prisoner in *habeas corpus* proceeding to circumvent the exhaustion requirement of 28 U.S.C. § 2254. *Johnson v. Walker*, 317 F.2d 418 (5th Cir. 1963).

Finally, to the extent that petitioner implies that he is exempted from the exhaustion requirement because "... there is an absence of available State corrective process; or [because] circumstances exist that render such process ineffective..." [see §2254(b)(1)(B)(i) and (ii)], such a claim is clearly without a basis in either law or fact. Petitioner claims that the complained of sentenced was imposed in March 2011. If that is correct, he may seek restoration of his appeal rights via an application for post-conviction relief as provided by *State v. Counterman*, 475 So.2d 336 (La.1985), or he may otherwise seek relief by filing an application for post-conviction relief in the district court pursuant to La. C.Cr.P. arts. 924 *et seq*.

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE** because petitioner has failed to exhaust all available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

4

objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a COA, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a COA should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, August 26, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE